EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:  Enmiendas al Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico | 2020 TSPR 09  203 DPR _____ |
|---|---|

Número del Caso:  ER-2020-01

Fecha:  5 de febrero de 2020

Materia:  Resolución del Tribunal

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Enmiendas al Reglamento para
la Asignación de Abogados y
Abogadas de Oficio de Puerto
Rico

ER-2020-01

RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de febrero de 2020.

En virtud de la facultad de este Tribunal para reglamentar la profesión de la abogacía en Puerto Rico y conforme a nuestra autoridad para establecer los procedimientos necesarios para facilitar la sana administración de la justicia, se resuelve adoptar las siguientes enmiendas al Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico (Reglamento), 201 DPR 261 (2018), según enmendado:

**Regla 2. Propósito e interpretación**

.     .     .     .     .     .       .

Nada de lo dispuesto en estas reglas limita la discreción del tribunal de ordenar la asignación de oficio de un abogado o de una abogada para que represente a una persona indigente en un procedimiento judicial no reconocido de forma expresa por este Reglamento si, a juicio del tribunal, dicha asignación promueve la sana administración del sistema judicial y la equidad procesal entre las partes, como corolario al imperativo del acceso a la justicia, <u>conforme a los parámetros establecidos en este Reglamento.</u>

**Regla 4. Definiciones**

.        .        .        .        .        .        .        .

(q) *Indigencia* – Estado de insolvencia económica determinado en conformidad con los estándares establecidos por la Oficina de Administración de los Tribunales a base del proceso dispuesto en este Reglamento ~~o por una entidad sin fines de lucro que ofrece servicios legales a personas de escasos recursos económicos, tales como la Sociedad para Asistencia Legal de Puerto Rico, Pro-Bono, Inc., Servicios Legales de Puerto Rico, Inc., la Oficina Legal de la Comunidad, Inc. u otras entidades análogas. Se presumirá que una persona cualifica como indigente si recibe asistencias gubernamentales por razón de sus ingresos, tales como asistencia nutricional, beneficios de vivienda subsidiada u otras análogas~~.

.        .        .        .        .        .        .        .

(v) *Necesidades fundamentales del ser humano* – Se refiere a los procedimientos judiciales de naturaleza civil dispuestos en este Reglamento en que estén implicados asuntos sobre vivienda, sustento, salud, seguridad y los derechos de los padres y las madres sobre sus hijos e hijas menores de edad, tales como patria potestad, custodia, filiación, relaciones materno- y paterno-filiales, ~~en conformidad con los parámetros emitidos~~ incluidas aquellas que se puedan establecer mediante directriz por la Oficina de Administración de los Tribunales.

(w) *Pro bono* – Aquellos servicios legales que se ofrecen gratuitamente y sin la expectativa de recibir compensación a personas o comunidades de escasos recursos económicos, o a personas jurídicas con limitados recursos para sufragar honorarios y cuya misión primordial es proveer servicios que benefician directamente a personas en estado de insolvencia económica ~~según se determina en el inciso (q) de esta regla~~. Las horas *pro bono* serán acreditadas por las entidades u organizaciones autorizadas, o mediante resolución del tribunal, cuando se brinde servicio de asesoramiento, a tenor con la Regla 5(~~de~~), o de representación voluntaria *pro bono*, según dispuesto en la Regla 10(b) de este Reglamento. Cuando se trate de una asignación de oficio, las primeras treinta (30) horas ofrecidas en la representación de personas indigentes se reputarán como horas de oficio *pro bono*, en cumplimiento del deber ético de ofrecer servicios legales a personas de escasos recursos económicos.

.       .       .       .       .       .       .       .

**Regla 5. Alcance del Reglamento; procedimientos judiciales aplicables**

(a)   […]

(b)   *Procedimientos de naturaleza civil.* Este Reglamento aplicará a los procedimientos judiciales de naturaleza civil en los cuales se haya reconocido el derecho a la ~~asistencia~~ asignación de representación legal ~~abogado o abogada de~~ a una persona natural, así como a aquellos en los que estén implicadas las necesidades fundamentales del ser humano, ~~según se define en este Reglamento~~ los cuales incluyen, entre otros que se puedan establecer mediante directriz por la Oficina de Administración de los Tribunales, los siguientes:

(1)   Sección 11 de la *Ley de la Administración de Servicios de Salud Mental y Contra la Adicción*, Ley Núm. 67-1993, *según enmendada*, 3 LPRA sec. 402j;

(2)   Artículos 3.06, 4.19 y 8.22 de la Ley de Salud Mental de Puerto Rico, Ley Núm. 408-2000, según enmendada, 24 LPRA secs. 6154e, 6155r y 6159u;

(3)   Artículos 4 y 21 de la *Carta de Derechos y la Política Pública del Gobierno a Favor de los Adultos Mayores,* Ley Núm. 121-2019.

(4)   Artículo 3 de la *Carta de Derechos de las Víctimas y Testigos de Delito*, Ley Núm. 22-1988, según enmendada, 25 LPRA sec. 973b;

(5)   Artículo 5 de la *Carta de Derechos de las Personas Viviendo con VIH*, Ley Núm. 248-2018, 1 LPRA sec. 528d;

(6)   Designación de incapacidad y nombramiento de tutor, sujeto a la inexistencia de bienes que denoten falta de indigencia;

(7)   Desahucio, cuando la parte demandada es inquilina que recibe beneficios públicos bajo programas de vivienda pública u otros análogos;

(8)   Desahucio en precario;

(9)   Ejecución de hipoteca;

(10)  *Habeas corpus;*

(11)  Privación de patria potestad, o

(12) <u>Remoción o entrega voluntaria de menores.</u>

(c) *Discreción del tribunal.* De forma excepcional, este Reglamento también aplicará, a los procedimientos judiciales no reconocidos de forma expresa en los incisos (a) y (b) de esta regla cuando el tribunal considere que ordenar la asignación de oficio promueve la sana administración del sistema judicial y la equidad procesal entre las partes, en aras de garantizar el acceso a la justicia, <u>conforme a los parámetros establecidos en este Reglamento.</u> Antes de proceder con la asignación de un abogado o una abogada de oficio al amparo de este inciso, el tribunal <u>considerará los factores establecidos en el inciso (d) de esta Regla y</u> ~~queda facultado para~~ <u>requerirá</u> a la parte indigente que demuestre las gestiones realizadas para obtener la representación legal de entidades que ofrecen servicios legales gratuitos y que tales servicios fueron denegados. <u>La asignación de oficio no se extenderá a procedimientos judiciales en los que el abogado o la abogada pueda recibir compensación mediante honorarios contingentes o de alguna otra manera.</u>

<u>En la eventualidad de que el tribunal considere asignar un abogado o una abogada de oficio para fungir como defensor o defensora judicial de una persona menor de edad en un procedimiento judicial, primero deberá asegurarse de agotar el orden de preferencia para el nombramiento establecido en el Artículo 160 del Código Civil, 31 LPRA sec. 617, lo que consignará mediante orden judicial. La asignación de un abogado o una abogada de oficio como defensor o defensora judicial quedará sujeta a la determinación de indigencia. Para esta determinación, el tribunal evaluará la solvencia económica de la persona menor de edad, así como la de sus padres y madres o personas custodias para sufragar los honorarios de una representación legal privada que realice la función de defensor(a) judicial. Además, sopesará los factores establecidos en el inciso (d) de esta Regla, según apliquen.</u>

(d) *Factores aplicables a las asignaciones en procedimientos de naturaleza civil.* <u>Previo a la asignación de un abogado o una abogada de oficio en un procedimiento judicial de naturaleza civil, el tribunal sopesará los factores siguientes:</u>

(1) <u>la capacidad de la persona indigente para representarse a sí misma de manera adecuada en el caso;</u>

(2) la renuncia voluntaria de la persona indigente a ejercer su autorrepresentación;

(3) la inhabilidad de la persona indigente para obtener representación legal por otros medios, para lo cual acreditará al tribunal las gestiones realizadas para procurar dicha representación;

(4) la naturaleza y complejidad de la controversia a adjudicarse, tanto legal como fáctica, incluyendo la necesidad de realizar una investigación de los hechos en controversia;

(5) la viabilidad de una pronta disposición del asunto sin necesidad de asistencia de un abogado o una abogada para la persona indigente;

(6) el potencial mérito de las reclamaciones según surge de las alegaciones, para lo cual se podrá considerar si la acción ha sido presentada previamente;

(7) la etapa procesal en la que se encuentre el caso y el efecto que la asignación de oficio tendrá en su administración;

(8) la probabilidad de que la asignación de oficio acorte el término del procedimiento judicial y asista en una justa determinación.

(9) si la asignación de oficio promueve los intereses de la justicia y el interés público; y

(10) cualquier otro factor que el tribunal exprese que resulta apropiado conforme a las circunstancias particulares del caso en el balance de los factores antes enumerados.

(~~d~~e) […]

**Regla 6. Alcance del Reglamento; personas indigentes**

.      .      .      .      .      .      .      .

De igual forma, demostrada la indigencia y mientras esta subsista, a su discreción, el tribunal podrá asignar un abogado o una abogada de oficio a una parte promovida ~~en un procedimiento judicial de naturaleza civil, sin que para ello sea necesario un~~

~~referido inicial a una entidad que ofrece servicios~~
~~legales gratuitos.~~

~~Cuando la persona indigente sea la parte~~ o
promovente de una acción civil en la que están en
controversia las necesidades fundamentales del ser
humano, ~~el tribunal también podrá asignar un abogado~~
~~o una abogada de oficio~~ conforme a los parámetros
establecidos en este Reglamento. No obstante, antes
de esta asignación, la persona indigente deberá
demostrar al tribunal las diligencias realizadas
para obtener representación legal de ~~alguna~~
entidades que ofrecen servicios legales gratuitos en
procedimientos de naturaleza civil y que el servicio
fue denegado.

.        .        .        .        .        .        .        .

**Regla 7. Alcance del Reglamento; banco de abogados
y abogadas de oficio**

[…]
(a)    *Causa de exclusión.* […]
(b)    *Causa de exención.* […]
    (1)    […]
    (2)    […]
    (3)    […]
    (4)    que ~~ocupa un puesto a tiempo completo~~
    ~~como empleado o empleada en el servicio~~
    ~~público, que no se trate de un cargo~~
    ~~público mediante nombramiento a término y~~
    ~~que~~ por disposición legal no puede ejercer
    la práctica privada de la profesión~~, salvo~~
    ~~que la ejerza sin percibir honorarios para~~
    ~~facilitar el acceso a servicios legales~~
    ~~adecuados a personas que no pueden~~
    ~~pagarlos~~;
    (5)    […]
    (6)    […]

.        .        .        .        .        .        .        .

**Regla 8. Proceso de determinación de indigencia,
selección de representación de oficio y notificación
de la orden de asignación; deberes del tribunal**

(a)    *Cuándo procede la determinación de
indigencia*. Se requerirá una determinación de
indigencia para que proceda una asignación de oficio
por parte del tribunal al amparo de las disposiciones
de este Reglamento.

En todo procedimiento ~~de naturaleza civil~~ a tenor con este Reglamento, será deber del tribunal evaluar la capacidad económica de una persona que comparezca sin abogado o abogada alegando indigencia~~, salvo que la persona cuente con una determinación de estado de insolvencia emitida por una entidad sin fines de lucro que ofrece servicios legales gratuitos o afirme su interés en continuar con el proceso por derecho propio. Si la persona no reúne los criterios para recibir los servicios de estas entidades sin fines de lucro por razón de solvencia económica, podrá solicitar al tribunal que realice una determinación de indigencia independiente para la asignación de representación de oficio~~. ~~Esta~~ <u>La</u> determinación de indigencia del tribunal deberá descansar en los estándares de indigencia establecidos por la Oficina de Administración de los Tribunales, y así constará en su resolución.

[…]

(b) *Procedimiento para la determinación de indigencia*. ~~Cuando corresponda al tribunal~~ <u>Al</u> realizar la determinación de indigencia, <u>el tribunal</u> deberá requerirle a la persona que reclama la representación legal de oficio que presente evidencia jurada, so pena de perjurio, de su estado de insolvencia y su imposibilidad de obtener los recursos económicos para pagar los servicios de un abogado o de una abogada. Además, ~~podrá~~ <u>le</u> ~~requerirle~~ <u>requerirá la información exigida bajo los estándares de indigencia establecidos por la Oficina de Administración de los Tribunales, así como</u> cualquier otra evidencia que <u>el tribunal</u> considere necesaria para determinar la indigencia y constatar la veracidad de lo declarado~~, incluida la cualificación de indigencia que haya realizado una entidad que ofrece servicios legales gratuitos a personas de escasos recursos económicos, cuando aplique~~.

[…]

(c) <u>*Selección de la representación legal de oficio*</u>. Determinada la indigencia de la persona conforme <u>a este Reglamento, y tras considerar</u> los ~~incisos (a) y (b)~~ <u>factores dispuestos en la Regla 5(d) para los procedimientos judiciales de naturaleza civil</u> ~~de esta regla~~, el tribunal realizará la asignación de representación legal de oficio a través del Módulo de Asignaciones de Oficio, seleccionando al abogado o la abogada cuyo nombre esté próximo en turno en el banco de abogados y abogadas de oficio. Sin embargo, no podrá asignar ningún abogado o ninguna abogada que haya cumplido

con el número de horas requeridas por la Regla 11 hasta tanto se haya agotado el banco de abogados y abogadas de oficio en la zona judicial correspondiente.

El Módulo de Asignaciones de Oficio dividirá el universo de profesionales del Derecho disponibles para recibir asignaciones de oficio por orden de antigüedad y en zonas judiciales. Al agotarse este banco en la zona judicial aplicable, se comenzará nuevamente con el primer abogado o la primera abogada en turno, conforme sugiera el Módulo de Asignaciones de Oficio, y así, sucesivamente, según sea necesario. No obstante, se faculta a la Oficina de Administración de los Tribunales a emitir las directrices necesarias para viabilizar que abogados y abogadas soliciten voluntariamente figurar en los primeros turnos del banco de abogados y abogadas de oficio, sin sujeción al orden de antigüedad. En tales casos, la compensación por honorarios se proveerá luego de acumular un mínimo de quince (15) horas de representación legal de oficio.

(d) […]

(e) […]

(f) […]

(g) […]

(h) […]

(i) ~~Prohibición de~~ *Evaluación sobre fraccionamiento en la representación legal*. El tribunal desalentará la representación legal fraccionada por etapas.

Cuando una persona que cuenta con representación legal privada en determinado proceso de naturaleza civil o penal alega ser indigente, el tribunal ~~deberá~~ evaluará si procede reconocer la continuidad de su representación legal como una asignación de oficio ~~bajo~~ conforme a los parámetros establecidos en este Reglamento, luego de emitida la determinación de indigencia. A quien se asigne de oficio al amparo de este inciso le aplicarán los beneficios y deberes que establece este Reglamento a partir de la orden de asignación que regula la Regla 8(f).

Por otro lado, cuando el tribunal determine que una parte que recibió el beneficio de una asignación de oficio ya no reúne los criterios de indigencia, podrá ordenar que la persona y su representante legal

intenten de buena fe llegar a un acuerdo respecto a los honorarios por devengarse a partir de la determinación del tribunal. Si no se lograra un acuerdo, el tribunal deberá relevar al abogado o a la abogada de la representación legal ~~por justa causa~~ y permitir que la parte continúe el procedimiento por derecho propio, o concederle un periodo razonable para que comparezca con una representación legal privada.

(j) *Asignación de un abogado o una abogada auxiliar*. El tribunal podrá asignar un abogado o una abogada auxiliar para que asista al abogado o a la abogada de oficio cuando la complejidad del caso lo amerite o cuando sea necesario para una adecuada representación en etapas apelativas. Ambas asignaciones estarán sujetas a las normas establecidas en este Reglamento, <u>según aplique</u>. ~~Cuando promueva la sana administración del sistema judicial o la equidad procesal entre las partes, el tribunal podrá asignar uno o más abogados o abogadas auxiliares en un mismo procedimiento judicial~~

[…]

(k)   […]

**Regla 9. Proceso de determinación de indigencia, selección de representación de oficio y notificación de la orden de asignación; deberes del abogado o de la abogada**

(a)   […]
(b)   […]

(c) *Duración de la asignación de oficio*. El abogado o la abogada prestará sus servicios a la persona indigente ~~durante todo el procedimiento judicial~~ de forma diligente y competente. <u>La asignación de oficio iniciará desde que recibe la notificación de asignación</u>. <u>En los procedimientos de naturaleza penal, la asignación de oficio se extenderá</u> hasta completada~~s~~ la etapa apelativa ante el Tribunal de Apelaciones de una determinación final del Tribunal de Primera Instancia. <u>En los procedimientos de naturaleza civil, no se requerirá que el abogado o la abogada de oficio continúe la representación cuando la persona desee apelar una determinación final del Tribunal de Primera Instancia.</u>

Cuando la persona indigente sea la parte apelada o recurrida en un procedimiento <u>de naturaleza penal</u> ante el Tribunal Supremo, será deber del abogado o de la abogada de oficio presentar

el escrito correspondiente. En ambas instancias, no se considerará una causa justificada para solicitar el relevo de representación legal que el abogado o la abogada de oficio estime que no existen razones meritorias para presentar un recurso o escrito, salvo que cuente con el consentimiento de su cliente para solicitar la renuncia.

Si la persona indigente desea recurrir de la determinación final del Tribunal de Apelaciones <u>en un procedimiento de naturaleza penal</u>, el abogado o la abogada podrá presentar un recurso ante el Tribunal Supremo conforme dicte su juicio profesional. Si optara por no presentarlo, lo notificará oportunamente a su cliente. Además, le informará sobre el procedimiento aplicable a la presentación del recurso ante el Tribunal Supremo y, en cumplimiento con el ordenamiento ético profesional vigente, tomará aquellas medidas razonables que eviten perjuicio a los derechos de su cliente, incluyendo la entrega del expediente.

[…]

(d) *Deber continuo de informar cambios en el estado de indigencia.* Si hubiera un cambio en el estado de indigencia de su cliente, será deber de todo abogado y de toda abogada de oficio informarlo al tribunal tan pronto advenga en conocimiento. El tribunal deberá corroborar si, ante el estado de solvencia sobrevenida alegado por el abogado o la abogada, la persona indigente dejó de ser acreedora de una representación legal de oficio. Determinada la solvencia económica por parte del tribunal, cesarán los derechos conferidos a la persona y a su representante legal en virtud de este Reglamento. ~~No obstante, el abogado o la abogada no quedará relevado o relevada de la representación legal, salvo que demuestre justa causa conforme la Regla 8(i) y el tribunal conceda el relevo~~

(e) *Deber de contabilizar todas las horas prestadas de oficio y detalle de los gastos susceptibles de rembolso.* Todo abogado o toda abogada que interese recibir compensación por sus servicios de oficio y el rembolso de los gastos razonables al amparo de este Reglamento<u>, cuando estos apliquen,</u> deberá mantener un detalle de las tareas realizadas, las horas trabajadas en el caso asignado, los gastos incurridos y un desglose con información sobre las fechas de viajes en automóvil por gestiones relacionadas con la investigación del caso, el propósito y el número de millas recorridas. Al momento de presentar la solicitud de pago de honorarios y rembolso de gastos razonables, deberá

utilizar el formulario diseñado y aprobado por la Oficina de Administración de los Tribunales para esos fines. Además, deberá conservar los recibos y las facturas de los gastos susceptibles a rembolso, copia de los cuales se acompañarán a la solicitud de rembolso de gastos razonables en conformidad con la Regla 16 de este Reglamento. El abogado o la abogada de oficio deberá conservar los recibos y facturas originales por un periodo de seis (6) años, los cuales podrán resguardarse de manera digital. Los recibos y las facturas originales deberán presentarse cuando el tribunal o el Director Administrativo o la Directora Administrativa de los Tribunales los soliciten como parte de los documentos necesarios para conceder el rembolso.

**Regla 12. Honorarios por el servicio de representación legal de oficio**

.      .      .      .      .      .      .      .

El abogado o la abogada de oficio no podrá acordar, aceptar, recibir o solicitar de la persona indigente o alguna otra persona natural o jurídica honorarios por sus servicios de oficio ~~o pagos por gastos de litigio~~. La persona indigente asumirá total o parcialmente el costo de cualquier gasto del litigio en la medida en que sus circunstancias económicas lo permitan. Aunque ello no le será requerido, un abogado o una abogada de oficio podrá adelantar parte o la totalidad del pago de dichos gastos.

**Regla 13. Certificación de horas trabajadas por una asignación de oficio**

Será deber del abogado o de la abogada de oficio solicitar la certificación de las horas trabajadas de oficio no más tarde de ~~quince (15)~~ diez (10) días ~~desde la culminación de un procedimiento en el tribunal ante el cual~~ del mes siguiente al que prestó el servicio. La petición será juramentada por el abogado o la abogada y desglosará todas las gestiones de oficio realizadas en el caso, con el detalle del número de horas trabajadas en el tribunal, fuera de este foro o en una etapa apelativa y la fecha de cada gestión.

.      .      .      .      .      .      .      .

Evaluada la razonabilidad de la solicitud al amparo de estos criterios, el tribunal ante el cual se prestó el servicio podrá aprobar, ajustar, o denegar las horas reclamadas, expresando en una resolución los fundamentos sobre los cuales descansa

su determinación, dentro de los ~~quince (15)~~ <u>cinco (5)</u> días de recibida la solicitud. En la misma resolución, el tribunal certificará las horas trabajadas de oficio, cuando correspondan, y la fecha en que el tribunal asignó el caso de oficio. La resolución certificando las horas trabajadas se notificará al abogado o la abogada que presentó la solicitud.

.    .    .    .    .    .    .    .

**Regla 14.   Procedimiento para solicitar honorarios**

La solicitud para el pago de honorarios de oficio deberá presentarse ante el Juez Administrador o la Jueza Administradora o ante el Tribunal Supremo, según aplique, ~~en un término improrrogable no mayor de cuarenta y cinco (45) días desde que concluya cada año fiscal~~ <u>no más tarde de veinte (20) días del mes siguiente al que prestó el servicio. No obstante, se rechazará de plano cualquier solicitud para el pago de honorarios de oficio presentada luego de transcurridos treinta (30) días desde que concluya el año fiscal en el que se prestó el servicio.</u> Cuando se acumulen horas compensables durante la representación de oficio asumida en procedimientos judiciales celebrados en distintas regiones judiciales de una misma zona judicial, el abogado o la abogada presentará la solicitud para pago de honorarios de oficio en la región judicial donde se asignó el procedimiento judicial activo de mayor antigüedad. ~~Si el procedimiento judicial culmina antes de que finalice un año fiscal, el abogado o la abogada deberá presentar la solicitud ante el Juez Administrador o la Jueza Administradora de esa región judicial no más tarde de cuarenta y cinco (45) días contados a partir de la notificación de la determinación del tribunal que dispuso del procedimiento.~~

.    .    .    .    .    .    .    .

**Regla 15.   Gastos razonables**

(a)   *Derecho a solicitar el rembolso de gastos razonables*. ~~El~~ <u>En aquellas instancias en las que el</u> abogado o la abogada que el tribunal asigna de oficio ~~tendrá derecho a recibir del Estado el rembolso de los~~ <u>opte por incurrir en</u> gastos razonables ~~incurridos~~ en la representación legal de la persona indigente<u>, tendrá derecho a recibir del Estado el rembolso</u>. Los gastos sujetos a rembolso podrán reclamarse al tribunal, aun en los casos en que el abogado o la abogada no haya completado las treinta

(30) horas de servicio *pro bono* requeridas en la Regla 11.

.    .    .    .    .    .    .    .    .

(d) *Autorización de pago directo a proveedores o proveedoras de servicios ~~en circunstancias excepcionales~~*. El abogado o la abogada de oficio ~~que no cuente con los recursos económicos para sufragar un gasto razonable de forma anticipada y, como consecuencia, los derechos de su cliente puedan verse sustancialmente afectados, deberá~~ podrá presentar una solicitud al tribunal para que~~, por vía de excepción,~~ se autorice el pago directo a un proveedor del servicio correspondiente. En su petición, el abogado o la abogada de oficio demostrará el perjuicio que confrontará la persona indigente de no autorizarse el gasto y que este resulta indispensable para la efectiva representación legal. Será necesario incluir como anejo copia de la cotización del servicio solicitado u otro documento análogo.

.    .    .    .    .    .    .    .    .

**Regla 16. Procedimiento para solicitar el rembolso de gastos adelantados por un abogado o una abogada de oficio**

~~La~~ Cuando un abogado o una abogada de oficio opte por adelantar el pago de los gastos del litigio podrá procurar su rembolso mediante una solicitud ~~de rembolso de gastos tendrá~~ que presentará~~se~~ bajo juramento ~~por el abogado o la abogada de oficio~~ no más tarde del décimo (10mo) día calendario del mes siguiente al que se emitió el pago. La solicitud contendrá un desglose de todos los gastos susceptibles de rembolso, las fechas en que se emitieron los pagos, la cantidad por rembolsar y copia de los documentos que los acrediten. Deberá presentar, además, la autorización previa del tribunal al amparo de la Regla 15(c), cuando aplique.

.    .    .    .    .    .    .    .    .

Corresponderá al Juez Administrador o a la Jueza Administradora examinar los documentos que obren en el expediente, inclusive la resolución del tribunal. Certificará que se han cumplido con las disposiciones de este Reglamento y que procede tramitar el rembolso de gastos. Remitirá la documentación a la Oficina de Administración de los Tribunales para que proceda con el trámite ante el Departamento de Hacienda. Est~~a~~e trámite~~facultad~~ se delegará~~recaerá~~ ~~en el~~ al Secretario o a la Secretaria

del Tribunal Supremo~~Pleno~~ en los casos ante la consideración ~~del Tribunal Supremo~~ de este Foro.

**Regla 18.   Revisión de Determinaciones sobre asignación de abogados y abogadas de oficio, compensación, pago por sus servicios y rembolso de gastos de litigación**

De estar inconforme con una determinación del tribunal con respecto a los asuntos que se rigen por este Reglamento, el abogado o la abogada de oficio podrá presentar una moción de reconsideración dentro del término de cinco (5) días contados a partir de la fecha de la notificación de la resolución. También podrá presentar una solicitud de *certiorari* al tribunal de mayor jerarquía, ~~conforme dispone la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, según enmendada, y el Reglamento de Tribunal de Apelaciones o el Reglamento del Tribunal Supremo, según aplique,~~ dentro del término de cinco (5) días contados a partir de la fecha de la notificación de la resolución, salvo justa causa. Ambos recursos serán *ex parte*.

.      .      .      .      .      .      .      .

**Regla 20.  Deberes de la Oficina de Administración de los Tribunales**

.      .      .      .      .      .      .      .

(d) *Directrices administrativas*. Tendrá la facultad de aprobar las directrices necesarias con el fin de regular aspectos administrativos relacionados a la implementación del Reglamento, las cuales atenderán, entre otros, los asuntos siguientes: (1) los estándares de determinación de indigencia para el sistema de representación de oficio y cualquier otro programa que la Rama Judicial instituya para adelantar el acceso a la justicia; (2) ~~los parámetros para la determinación de~~ las causas de acción adicionales que se podrán incluir en las necesidades fundamentales del ser humano; (3) el procedimiento para darle publicidad a las listas de los abogados y las abogadas disponibles para recibir asignaciones de oficio; (4) la frecuencia y forma en que se actualizará este banco de abogados y abogadas de oficio; (5) los criterios para uniformar las concesiones de diferimientos por duración específica; (6) la creación y los cambios en las zonas judiciales; (7) la lista de las entidades u organizaciones autorizadas donde los abogados y las abogadas pueden prestar servicios *pro bono* para acumular las horas requeridas para exención de la Regla 7(b)(1)~~;~~ ~~y~~ (8) el procedimiento

interno para tramitar el pago de honorarios y rembolso de gastos; y (9) las directrices que resulten necesarias para implementar la Regla 8(c).

(e) […]

**Regla 21.  Deberes de los Jueces Administradores y Juezas Administradoras**

Los Jueces Administradores y las Juezas Administradoras tienen la responsabilidad de administrar el sistema de oficio en su región judicial.  Podrán delegar esta función a un juez o una jueza de su región judicial, quien manejará el trámite correspondiente en conformidad con este Reglamento y las directrices aprobadas por la Oficina de Administración de Tribunales.

Trimestralmente, deberán entregar al Director Administrativo o a la Directora Administrativa de los Tribunales un informe con el detalle de los pagos de honorarios y rembolsos de gastos razonables por partida aprobados en su región judicial a los abogados o las abogadas de oficio durante ese año fiscal. El Director Administrativo o la Directora Administrativa de los Tribunales podrá requerirles informes periódicos de otros asuntos del sistema de oficio con el fin de evaluar su funcionamiento y presentar oportunamente su informe anual a la Comisión Permanente para la Evaluación del Sistema de Oficio.

Los Jueces Administradores y las Juezas Administradoras procurarán que se conceda un turno prioritario en las vistas celebradas en los casos en los que se haya realizado una asignación de oficio. Asimismo, en aquellas instancias procesales en las que sea viable, promoverán el uso de los mecanismos tecnológicos disponibles para la comparecencia remota del abogado o de la abogada de oficio, como por ejemplo la videoconferencia, en aquellos procedimientos autorizados por la Oficina de Administración de los Tribunales.

.     .     .     .     .     .     .     .

**Regla 22. Creación de la Comisión Permanente para la Evaluación de Sistema de Oficio**

Dentro de los cuarenta y cinco (45) días contados a partir la aprobación de este Reglamento, se creará la Comisión Permanente para la Evaluación del Sistema de Oficio que evaluará el funcionamiento del sistema de oficio, realizará los estudios que entienda apropiados para la encomienda y asistirá en

el proceso de revisión anual de los estándares de indigencia, ~~los parámetros para la cualificación de~~las causas de acción adicionales que se podrán incluir en las necesidades fundamentales del ser humano y la configuración de las zonas judiciales. Ofrecerá recomendaciones puntuales sobre estos asuntos al Director Administrativo o la Directora Administrativa de los Tribunales, quien presidirá la Comisión.

.     .     .     .     .     .     .     .

Las enmiendas aquí aprobadas entrarán en vigor de forma inmediata. Notifíquese por correo electrónico al Director Administrativo de los Tribunales, a la Directora del Secretariado de la Conferencia Judicial y Notarial, y al Director de la Oficina de Prensa de la Oficina de Administración de los Tribunales.

Publíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez se abstiene de ejercer su facultad de enmendar el *Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico*, 201 DPR 261 (2018), pues entiende que tal ejercicio no es adecuado y oportuno en estos momentos.


                              José Ignacio Campos Pérez
                              Secretario del Tribunal Supremo